JONES, Justice.
This case comes here from a jury verdict rendered in the Circuit Court of Stone County, Mississippi. We are reversing the case because we think the verdict was against the overwhelming weight of the evidence.
Appellant sued appellee for the sum of $1,500 past-due rent. Appellee claimed an offset based on an alleged agreement by which he was to be paid for looking after the property and for repairs made on the residence. The amount unpaid was $1,500 and the jury allowed such offsets as would reduce the claim to the sum of $560. Judgment was rendered for this amount in appellant’s favor and he appeals.
There were only two witnesses in the case, the appellant and the appellee. Appellant testified that he rented the property to appellee from September, 1958, through October, 1964, for the sum of $50 per month, and that the appellee paid forty-four months’ rent and was delinquent for thirty months.
Appellant denied making any agreement that would permit the offsets claimed by appellee. These offsets included claims for services rendered even prior to the renting of the property to appellee in September, 1958, and included repairs alleged to have been made in 1959, 1960, 1961, 1962, 1963 and 1964.
The suit was not filed upon any written agreement, but various letters from appellee to appellant were introduced and were not denied. There were letters in September, 1958, from appellee to appellant and from appellant to appellee in which it was agreed that the house would be rented to appellee for the sum of $50 per month. Appellee suggested in a letter in March 1961 to appellant that he be permitted to make some improvements on the residence and let that work be applied to the overdue rent. He stated in the letter, “If not, I can probably catch up some when school is out anyway.” Appellant denied that he ever agreed for any repairs to be made or any work to be done and credited against the rent.
On January 14, 1963, appellee wrote appellant suggesting that he make up a note for the back rent through March of that year, with a low interest rate payable annually until the note is paid and without a time limit on the principal. He also stated that his plans were to sell some timber in *604 February or March and that if he did that, he could pay up the rent. During August, 1963, appellee wrote that he expected to he in a position to pay his rent in double payments beginning September 10 whereby $50 each month could be credited on the past-due rent. He stated, “We are as anxious as you are to bring this back to an even basis.” He referred to some work he had done on the house, but did not request any payment or any credit on the rent. He also remarked that the screens were bad but' he didn’t have the money to buy new ones. In July, 1964, he wrote appellant relating that he had spent certain sums for repairs, that he was in the process of repairing the screen on the back porch, and, also, that he had purchased a stove to replace the old stove. He claimed no credit against the rent for these expenditures, but stated, “These are a few of the expenses that we have had that we plan to leave with you as interest on the rent we were unable to pay on time.” He further stated, “We can pay our rent on a monthly basis now, but can’t promise to double up on it. If you want to send me a note for the past-due rent with reasonable interest on a per an-num basis, I will keep up the interest until I can pay it all.” Finally on June 30, appellant gave appellee notice to move and the house was vacated in October, 1964. Against this evidence of the written letters corroborating appellant’s testimony, appellee only had his own verbal testimony claiming credit for the offsets.
We think that these letters written over several years, acknowledging the past due rent and making no claim for any of the offsets which, if they existed, had accrued over the years since 1952, renders the evidence overwhelming in favor of the appellant; and, for that reason, a motion for a new trial should have been sustained.
We are reversing the case and remanding it for another trial.
Reversed and remanded.
GILLESPIE, P. J., and BRADY, IN-ZER and ROBERTSON, JJ., concur.